EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re,<br>Enmienda a la Regla 6.2 (e) del<br>Reglamento para la Admisión de<br>Aspirantes al Ejercicio de la<br>Abogacía y la Notaría | 2006 TSPR 92<br><br>168 DPR _____ |

Número del Caso: EJ-2006-4

Fecha: 26 de mayo de 2006

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO
JUNTA EXAMINADORA DE ASPIRANTES AL EJERCICIO
DE LA ABOGACÍA Y LA NOTARÍA

In re,
Enmienda a la Regla 6.2(e) del
Reglamento para la Admisión de
Aspirantes al Ejercicio de la
Abogacía y la Notaría

**RESOLUCIÓN**

San Juan, Puerto Rico a 26 de mayo de 2006.

Al amparo del poder inherente de este Tribunal para regular la admisión y el ejercicio de la práctica de la abogacía y la notaría, y conforme a lo dispuesto en la Regla 15.4 del Reglamento para la Admisión de Aspirantes al Ejercicio de la Abogacía y la Notaría, del mes de junio de 1998, se enmienda la Regla 6.2(e) del citado reglamento, para que exprese lo siguiente:

**Regla 6.2** Documentos que han de ser sometido en la solicitud:

(e) un certificado de antecedentes penales expedido por la Policía de Puerto Rico dentro de los noventa (90) días anteriores a la fecha en que se presente la solicitud de admisión al examen.

Si durante los últimos diez (10) años ha vivido, residido o estudiado fuera de Puerto Rico por un período de seis meses consecutivos o más, deberá solicitar, además, un certificado de antecedentes penales, o su equivalente, a la Policía del lugar o lugares donde vivió, residió o estudió. El período de seis meses no se entenderá interrumpido como consecuencia de visitas periódicas a Puerto Rico, o a

cualquier otro lugar, por razón de vacaciones, asuntos personales o familiares, o por circunstancias en las que no media la intención del aspirante de permanecer en Puerto Rico o en cualquier otra jurisdicción visitada. No se aceptarán solicitudes que no acompañen el o los referido(s) certificado(s) o prueba de haber iniciado las gestiones para cumplir con este requisito.

Sin perjuicio de lo antes dicho, se podrá aceptar en sustitución de este certificado, una declaración jurada en la que asevere que no ha cometido delito o falta en una jurisdicción foránea y reconociendo que de ser falsa tal aseveración hay consecuencias disciplinarias, en casos donde:

    a) presenten prueba inequívoca de que en la jurisdicción foránea no puede tramitarse la petición del documento por que no existe un trámite igual o similar o por razones de índole política que entorpecen su obtención, o

    b) demuestren que han sido diligente en solicitar el documento, pero las autoridades foráneas no quieren o no pueden indicar una fecha cierta de entrega o envío del documento.

El aspirante que tenga que cumplir con este requisito por razón de pertenecer a las fuerzas armadas, podrá presentar una copia del certificado de *Honorable Discharge* o certificación del cuerpo militar al respecto.

Esta enmienda entrará en vigor inmediatamente.

Publíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no intervino.

                    Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo